ROMERO, Plff.,

v.

CALAF ET AL., Dfts.

San Juan, Law, No. 922.

RE FOREIGN DEPOSITION.

Deposition—Not Interfere with Trial.
1. The court always desires to have all proper evidence admitted, and will grant applications for commissions, provided the taking of the deposition will not delay the trial of the case.

Romero v. Calaf.

Commission—*Dedimus Potestatem.*

    2. Ordinarily a commission is sued out in the clerk's office to commissioners as of course, but a deposition may also be taken under a *dedimus potestatem,* unless the witness resides in a foreign country. A United States court cannot, for lack of jurisdiction, give power to a citizen of another country to do anything.

Letters Rogatory—Civil Case.

    3. The Revised Statutes give a right to issue letters rogatory to take the testimony of a witness in a foreign country in suits to which the United States are parties or in which they have an interest. This does not apply to civil cases *inter partes.*

Letters Rogatory—International Law.

    4. The accepted procedure under public international law is for courts to issue letters rogatory to a foreign court, requesting it to exercise its own powers of taking testimony and transmit the deposition when taken to the requesting court, with the express understanding that the courtesy will be returned on a proper occasion.

Opinion filed February 8, 1915.

*Messrs. E. B. Wilcox* and *Paul Charlton* for plaintiff.

*Mr. F. H. Dexter* for defendants.

HAMILTON, Judge, delivered the following opinion:

This case has been set for March 4 for further hearing, and application is now made on February 8 for leave to take the deposition of witnesses under § 866 of the Revised Statutes, Comp. Stat. 1913, § 1477. This provides: "In any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a *dedimus potestatem* to take depositions according to common usage;

Romero v. Calaf.

and any circuit court, upon application to it as a court of equity, may, according to the usages of chancery, direct depositions to be taken *in perpetuam rei memoriam,* if they relate to any matters that may be cognizable in any court of the United States. And the provisions of sections eight hundred and sixty-three, eight hundred and sixty-four, and eight hundred and sixty-five, shall not apply to any deposition to be taken under the authority of this section."

The application follows the words of the statute, is sworn to, and is opposed not on the ground of form, but because made at so late a date. In this case a new trial was granted, the issues being limited to title, and the second trial has been in progress before the court without a jury, continued over from time to time to suit the convenience of parties in interest.

1. As in all other matters connected with the actual trial, this application is addressed to the discretion of the court. The court always desires to have all proper evidence admitted, and will grant this application with the proviso that the taking of the deposition must not delay the trial of the case. In other words, if the deposition is not here by the time the case is called, there will be no postponement on that account.

2. The application is for a *dedimus potestatem* to take the deposition of witnesses in Santo Domingo, officially known as the Republica Dominicana. The principal thing is obtaining the evidence of the witnesses to facts at issue, but the form in which this is done varies with circumstances. Ordinarily in the United States a commission is sued out in the clerk's office, directed to certain named commissioners, and it is to a large extent a matter of course. This practice is also provided for by the local Porto Rican statutes. The Federal courts are not

confined to this particular form of proceeding, and Revised Statutes, § 866, gives power to grant a *dedimus potestatem* for such purpose. A form is given in Loveland on Bankruptcy as No. 188. This would apply, whatever the local practice might or might not be, to be exercised "according to common usage," that is to say, according to the usage of the common law. The application at bar is made under this section. We are met by the difficulty, however, that the deposition is to be taken in a foreign country. For the purposes of judicial proceedings Santo Domingo stands upon an equality with Great Britain or Germany, and the same forms must be observed. It was settled as far back as 1816 in the case of Nelson v. United State, Pet. C. C. 235, Fed. Cas. No. 10,116, that a commission in the usual form would not run to Cuba. The local authorities of Cuba had in that case prevented the execution of a commission, because it was deemed an interference with the rights of the judicial tribunals there. The principle is that a United States court cannot give power to a citizen of another country to do anything, for the good international reason that the power of this court is limited to the jurisdiction of the United States. This jurisdiction does not extend to Santo Domingo, and hence a commission could not have issued for use in Santo Domingo. The same principle applies to a *dedimus potestatem,* which is but another form of the same thing.

3. This might seem to exhaust the powers of the court in the premises, inasmuch as § 861 of the Revised Statutes, Comp. Stat. 1913, § 1468, provides that "the mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided." Only a commission and *dedimus potestatem* are

Romero v. Calaf.

so provided for, except that § 1750, Comp. Stat. 1913, § 3211, gives the power to every secretary of legation and consular officer to take a deposition. This course is not asked for, and in point of law it would not technically be proper. It is possible that a foreign country would object to such an exercise of judicial authority by a consular agent, unless it was expressly provided for by treaty, and in any event the officer would lack the power to compel the attendance of witnesses which may be essential to the taking of a deposition. The lack of such further provision, however, is not conclusive. Section 861 must be held to refer, as many statutes do, to domestic tribunals and domestic procedure. In the absence of treaty, it might not lie within the province of Congress to legislate as to the taking of depositions in a foreign jurisdiction. It is true that Revised Statutes, § 875, Comp. Stat. 1913, § 1486, speaks of a commission or letter rogatory to take the testimony of a witness in a foreign country, but this expressly applies only to a suit in which the United States are parties or have an interest. It does not apply to suits between private individuals, as in the case at bar. There might well be, however, an international custom, having the force of an international law, as to how evidence can be secured in foreign countries. This would be a provision of public international law which would apply to courts, whether expressly provided by statute or not.

4. The accepted procedure in such a case is to issue letters rogatory. These are directed not to an individual to perform the orders of this court, but are a request to a foreign court to exercise its own powers of taking testimony and transmit the deposition when taken to this court for use here, with the understanding, which should be expressed, that this court will return

the courtesy upon any proper occasion. The form used is, "We shall be ready and willing to do the same for you in a similar case when required." See Loveland, Form 186, taken in connection with analogies which may be adopted from Revised Statutes, § 875.

The application, being amended so as to ask for letters rogatory, will be granted.

It is so ordered.